UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LIBERTARIAN NATIONAL COMMITTEE, INC., <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL ELECTION COMMISSION, <br><br> Defendant. | Civil Action No. 11-cv-562 (RLW) |

## MEMORANDUM OPINION

The Federal Election Commission ("FEC") has moved pursuant to Federal Rule of Civil Procedure 59(e) to alter or amend this Court's Order certifying one question to the en banc United States Court of Appeals for the District of Columbia Circuit. The FEC claims this Court committed clear error, and advances three arguments. Finding that none of the arguments satisfy the Rule 59(e) standard and that oral argument is unnecessary, for the reasons stated below the FEC's motion (Dkt. No. 48) is **DENIED**.

### I.     History of This Case

This case stems in part from the bequest of Raymond Groves Burrington, whose will left a residuary bequest to the Libertarian National Committee, Inc. ("LNC") in an amount eventually determined to be $217,734.00. *Libertarian Nat'l Comm., Inc. v. FEC*, --- F. Supp. 2d ----, 2013 WL 1097792, at *1 (D.D.C. Mar. 18, 2013) ("*LNC*"). As explained in greater detail in *LNC*, because the FEC has interpreted the relevant provisions of the Federal Election Campaign Act ("FECA"), 2 U.S.C. §§ 431-57, to limit contributions from testamentary estates to national political committees, "the LNC can only accept annual distributions from Burrington's gift at the maximum threshold set by 2 U.S.C. §§ 441a(a)(1) & 441a(c), rather than accepting the gift all at

1

once." *Id.* Seeking to receive the Burrington gift all at once, the LNC moved this Court, pursuant to 2 U.S.C. § 437h, to certify the following question to the en banc Court of Appeals: "Does imposing annual contribution limits against testamentary bequests directed at, or accepted or solicited by political party committees, violate First Amendment speech and associational rights?"

For the reasons discussed in *LNC*, this Court reframed the question and certified the following one to the en banc Court of Appeals: "Does imposing annual contribution limits against the bequest of Raymond Groves Burrington violate the First Amendment rights of the Libertarian National Committee?" The FEC contends that certification of this question was clear error for three reasons. First, it claims that applying the contribution limits to Burrington's bequest does not violate the First Amendment, and that this conclusion follows from the holding in *LNC* that applying contribution limits does not violate the First Amendment with respect to bequests generally. Second, it claims that the Court applied a test akin to strict scrutiny instead of "closely drawn" scrutiny. And third, it claims that the ruling could lead to a proliferation of litigation under 2 U.S.C. § 437h. After noting the standard of review in Rule 59(e) cases, the Court will address these arguments in turn.

## II.   Standard for Altering or Amending a Judgment

A motion to alter or amend a judgment is brought pursuant to Federal Rule of Civil Procedure 59(e). Motions to alter or amend under Rule 59(e) are disfavored, "and relief from judgment is granted only when the moving party establishes extraordinary circumstances." *Niedermeier v. Office of Max S. Baucus*, 153 F. Supp. 2d 23, 28 (D.D.C. 2001) (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998)). "A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening

change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Messina v. Krakower*, 439 F.3d 755, 758 (D.C. Cir. 2006) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)). A Rule 59 motion is not a means by which to "reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).

### III.   Analysis

#### A.   The Court Properly Concluded That The Burrington Bequest Presented An As-Applied Challenge That Merits Certification To The En Banc Court Of Appeals

The thrust of the FEC's motion for reconsideration does not find support in the language of 2 U.S.C. § 437h. The agency acknowledges that as-applied First Amendment challenges seeking categorical exceptions to FECA's contribution limits are proper under the statute, but the FEC argues that the as-applied question certified by this Court is not proper because it is a First Amendment challenge to an individual contribution. As always, the first place to look in resolving a question of statutory interpretation is the language of the statute itself. *Kellmer v. Raines*, 674 F.3d 848, 850 (D.C. Cir. 2012).

The key word of the statute at issue here, as clarified by Justice Marshall, is "all": "Section 437h expressly requires a district court to 'immediately . . . certify *all* questions of the constitutionality of this Act' to the court of appeals." *Cal. Med. Ass'n v. FEC*, 453 U.S. 182, 190 (1981) (quoting 2 U.S.C. § 437h) (emphasis in original). The statute does not proclaim that certain categories of constitutional questions are appropriate for certification, while others are not. Instead, the statute indicates that "all" non-frivolous questions regarding the constitutionality of the statute "shall" be certified to the en banc Court of Appeals. *See id.* at n.10 ("§ 437h indicates that it was intended to cover *all* serious constitutional challenges to the Act.") (emphasis added). Because this Court found that the LNC's challenge regarding the

3

Burrington bequest is not frivolous, the "all-encompassing language," *id*. at 190, used in the statute supports certification of the question as formulated.

A simple hypothetical, aided by the Supreme Court's ruling in *Cal. Med. Ass'n*, strengthens the argument for this Court's certification of the question to the en banc Court of Appeals. Assume the LNC took the entire Burrington bequest years ago, and the FEC then brought an enforcement action against the LNC under 2 U.S.C. § 437g. The LNC could have argued in its defense that enforcement of FECA as applied to the Burrington bequest was unconstitutional. Morever, *Cal. Med. Ass'n* expressly rejected the argument that certification of an as-applied challenge to a contribution limit pursuant to 2 U.S.C § 437h was error because of a pending enforcement action. 453 U.S. at 190-91. Indeed, the district court certified an as-applied challenge to a contribution limit in that case: "Does the $5,000 calendar year limit established by 2 U.S.C. § 441a(a)(1)(C) on contributions to a political committee, *when applied to contributions* of administrative support as specified in § 441b(b)(2)(C) *by CMA, an unincorporated association*, to CALPAC, CMA's political action committee, violate the First and Fifth Amendments to the Constitution, when these provisions, and 2 U.S.C. §§ 431(e)(5)(F) and 431(f)(4)(H), on their face and as interpreted by the Federal Election Commission, allow unlimited contributions of such administrative support by corporations and labor organizations to their respective political action committee?" *Cal. Med. Ass'n v. FEC*, 641 F.2d 619, 622 n.1 (9th Cir. 1980) (emphasis added).[1] Thus, in our hypothetical, the holding of *Cal. Med. Ass'n*, leads to

---

[1] The district court certified another as-applied challenge: "Does the $5,000 calendar year limit established by 2 U.S.C. § 441a(a)(1)(C) on contributions to a political committee, *when applied to CALPAC's receipt of contributions of administrative support* as specified in § 441b(b)(2)(C) from CMA, an unincorporated association and CALPAC's connected organization as defined in 11 C.F.R. § 1001.5, violate the First and Fifth Amendments to the Constitution when these provisions, and 2 U.S.C. §§ 431(e)(5)(F) and 431(f)(4)(H), on their face and as interpreted by the Federal Election Commission, allow receipt of unlimited contributions of such

the conclusion that the LNC could defend the enforcement action and also seek certification of a First Amendment challenge as applied to the Burrington bequest to the en banc Court of Appeals.

The FEC's attempt to distinguish Supreme Court cases regarding other individualized as-applied challenges is not persuasive. In *Wisconsin Right to Life, Inc. v. FEC*, 546 U.S. 410 (2006) (per curiam), the Supreme Court ruled 9-0 that an as-applied First Amendment challenge regarding specific broadcast advertisements that Wisconsin Right to Life, Inc. wanted to run was not foreclosed simply because the statute had previously survived a facial challenge. One year later, the plaintiffs in *Wisconsin Right to Life* prevailed in their individualized as-applied challenge. *FEC v. Wisconsin Right to Life*, 551 U.S. 449 (2007). Similarly, in *Massachusetts Citizens for Life v. FEC*, 479 U.S. 238, 268 (1986) ("*MCFL*"), the Supreme Court found an as-applied exception regarding independent expenditures because it found no threat of the danger of corruption. The FEC correctly notes that these cases involved spending limitations, and tries to distinguish them for that reason, but the agency cites no precedent forbidding the application of these and other cases to challenges involving contribution limits. Faced with broad statutory language and Supreme Court precedent allowing individualized as-applied First Amendment challenges to expenditure restrictions, this Court is not prepared to foreclose all individualized as-applied challenges to contribution limits pursuant to 2 U.S.C. § 437h. That novel question should be answered by the en banc Court of Appeals, rather than by this Court.

Not only did the FEC never previously argue that individualized as-applied challenges to contribution limits are foreclosed as a matter of law, it stated the opposite prior to filing the instant motion for reconsideration. At oral argument, this Court asked the agency about

---

administrative support by political action committees sponsored by corporations and labor organizations?" *Cal. Med. Ass'n v. FEC*, 641 F.2d at 622 n.1 (emphasis added).

certifying the question of the constitutionality of FECA as applied to the Burrington bequest alone. "What would be wrong with me certifying that to the circuit and granting summary judgment for the FEC with respect to everything else?" (Hr'g Tr. 64:7-9, Apr. 15, 2013). Counsel for the FEC answered: "I don't know that there's anything wrong with it as a matter of law. . . . I don't know that there's anything wrong with that, despite the fact that we dispute that that's the right course of action." (*Id.* 65:2-7). The Court fails to see how it committed a "clear error" of law by pursuing a course of action that agency counsel agreed was legally permissible when specifically asked. The fact that the agency now appears to be having second thoughts about its position does not satisfy the Rule 59(e) standard.

### B. The Court Applied The Correct Level of Constitutional Scrutiny

The FEC is not correct when it claims this Court applied an excessively narrow tailoring test instead of a closely drawn test. "Under the Supreme Court's precedents, limits on campaign *expenditures* are subject to strict scrutiny. But limits on *contributions* to candidates and political parties are subject to 'less rigorous scrutiny' and are valid if they are 'closely drawn' to meet a 'sufficiently important' governmental interest." *Republican Nat'l Comm. v. FEC*, 698 F. Supp. 2d at 156 (emphasis in original). As noted in *LNC*, the "closely drawn" standard has been described as intermediate scrutiny. *See In re Cao*, 619 F.3d 410, 427 (5th Cir. 2010).

The FEC acknowledges that this Court applied the proper standard of constitutional scrutiny to bequests generally, and it also acknowledges that there is a "flexibility associated with closely drawn scrutiny." (*See* Dkt. No. 54, at 8). The FEC takes issue, however, with this Court's determination that the Burrington bequest did not reveal any concerns regarding corruption or the appearance of corruption. The FEC argues that this Court effectively decided that the FEC must show evidence of corruption, (*see id.* at 8-9), but this is not the case. The

court stated, "[t]he LNC makes a persuasive argument that the Burrington bequest does not implicate any valid anti-corruption concerns, and the FEC did not really respond to this argument in its briefs." *LNC*, 2013 WL 1097792, at *15. The Court did not require the FEC to present affirmative evidence of corruption regarding the Burrington bequest, which the parties agree the agency did not do.[2] Rather, the Court determined that the LNC made a substantial showing that there was no danger of, or appearance of, corruption with the Burrington bequest.

Furthermore, the FEC acknowledges that closely drawn scrutiny has been used by courts to strike down contribution limits. (*See* Dkt. No. 54, at 8) (citing *McConnell v. FEC*, 540 U.S. 93, 231-32 (2003) and *N.C. Right to Life, Inc. v. Leake*, 525 F.3d 274, 293-95 (4th Cir. 2008)). In line with the reasoning used by other courts, this Court reached a similar decision about whether the Burrington bequest presented a non-frivolous question meriting review by the en banc Court of Appeals. The FEC obviously disagrees with the Court's decision. But mere disagreement is not sufficient to prevail on a Rule 59(e) motion. *See Alec L. v. Perciasepe*, 2013 WL 2248001, at *5 (D.D.C. May 22, 2013).

### C. The Court Construed 2 U.S.C. § 437h Properly

There is no need to tarry long on the FEC's argument that § 437h cases "could proliferate" as a result of this Court's ruling. The D.C. Circuit's recent opinion in *Wagner v. FEC*, --- F.3d ----, 2013 WL 2361005 (D.C. Cir. May 31, 2013), suggests that the FEC's concern about certification of as-applied contribution challenges pursuant to 2 U.S.C. § 437h is not shared by our Court of Appeals. The FEC made a similar argument in *Wagner*, and the Circuit rejected it there with language that applies with equal force here: such an argument "belong[s] in

---

[2] At oral argument, the FEC conceded there is no evidence of corruption regarding the Burrington bequest. (*See* Hr'g Tr. 57:13-59:15 ("[I]t's not surprising that there is no evidence of corruption, say, related to the Burrington bequest, or examples of corruption leading up to this point.").

a legislative hearing room, not a brief." 2013 WL 2361005, at *7. As the Supreme Court observed with respect to § 437h, "the task before us is not to improve the statute but to construe it." *Cal. Med. Ass'n*, 453 U.S. at 192, n.13. In *LNC*, this Court followed the language of a statute passed by Congress and signed by the President of the United States. While the FEC appears to disagree with what follows from that, nonetheless that does not constitute clear error on this Court's part.

## CONCLUSION

This Court did not commit clear error when it ordered a question certified to the en banc United States Court of Appeals for the District of Columbia Circuit. Therefore, the FEC's Motion to Alter or Amend the Judgment (Dkt. No. 48) is **DENIED**. An Order accompanies this Memorandum.

Date: June 17, 2013

ROBERT L. WILKINS
United States District Judge